UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re: *Joseph F. v. Martin O'Malley, Commissioner, Social Security Administration*
Civil No. 23-3095-CDA

Dear Counsel:

On November 14, 2023, Plaintiff Joseph F. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 10, 11, and 12). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 30 2019 and February 19, 2020, respectively, alleging a disability onset of December 20, 2018. Tr. 75, 211, 215. Plaintiff's claims were denied initially and on reconsideration. Tr. 113-121. On July 6, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36-71. Following the hearing, on August 16, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 8-29. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II. **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination

---

[1] 42 U.S.C. §§ 301 et seq.

*Joseph F. v. O'Malley*
Civil No. 23-3095-CDA
August 23, 2024
Page 2

using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since December 20, 2018, the alleged onset date[.]" Tr. 13. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "alcohol abuse, neuropathy, thoracic spine scoliosis, degenerative joint disease of the left wrist, and vertigo/syncope[.]" Tr. 14. The ALJ also determined that Plaintiff suffered from the non-severe impairments of bronchitis, obesity, and colitis. Tr. 14. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ladders, ropes or scaffolds; no balancing as described in the Dictionary of Occupational Titles (DOT), meaning balancing on uneven, moving or slippery surfaces or performing acrobatic movements; can occasionally perform other postural movements; can frequently handle and finger bilaterally; can frequently operate foot controls bilaterally; can only occasionally work in an environment with industrial vibration, but could not work at unprotected heights or near hazards as defined by the DOT.

Tr. 17. The ALJ determined that Plaintiff was able to perform past relevant work as a stock clerk (DOT[2] #299.367-014) as actually performed. Tr. 23. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff argues that the ALJ (1) committed legal error when rejecting the medical opinion of state agency consultative examiner Ugo Akara, certified registered nurse practitioner ("NP"), and (2) failed to properly explain her Step Two findings, constituting harmful error. ECF 10, at 8, 14. Defendant counters that (1) substantial evidence supports the ALJ's RFC assessment, including NP Akara's opinion, and (2) the ALJ adequately supported her decision for finding Plaintiff's mental impairments to be non-severe. ECF 11, at 6, 14.

When assessing a claim filed on or after March 27, 2017, an ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" in the record. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). Because "[t]he factors of supportability . . . and consistency . . . are the most important factors" in this analysis, an ALJ must "explain how [they] considered" those factors in their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Relevant to this case, "supportability" is "the objective medical evidence and supporting explanations presented by a medical source" to support the source's opinion. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Moreover, it is not enough to simply "acknowledge the factors; they must be addressed. 'Mere acknowledgment of the regulation's existence is insufficient and falls short of the ALJ's duties.'" *Billy W. v. Kijakazi*, No. 21-0036, 2023 WL 2586123, at *3 (W.D. Va. Mar. 21, 2023) (quoting *Shelley C. v. Comm'r of Soc. Sec.*, 61 F.4th 341, 354 (4th Cir. 2023)).

The issue of the ALJ's supportability analysis is determinative in this case. The ALJ failed to adequately articulate how the "objective medical evidence and supporting explanations presented by" NP Akara affected the persuasiveness of her opinion. 20 C.F.R. § 404.1520c(c)(1)). Here, in assessing the supportability of NP Akara's opinion, the ALJ concluded that it was "not supported by [an] adequate[] explanation." Tr. 22. However, it is not clear how that explanation was (allegedly) inadequate. NP Akara based her opinion on an actual physical examination, evaluated objective medical tests, explained her reasoning – in a multi-page narrative, then concluded with Plaintiff's limitations. Tr. 608-13. The ALJ "merely acknowledged" NP Akara's opinion as unsupported due to an inadequate analysis but failed to properly address the factor. *See Billy W.*, 2023 WL 2586123, at *3; *see also Lauren C. M. v. Kijakazi*, No. SAG-23-0220, 2023 WL 6311286, at *2-3 (D. Md. Sept. 28, 2023) (remanding for lack of supportability where ALJ "provide[d] no analysis" of medical opinion's reasons for believing symptoms impacted claimant's ability to work and, instead, simply comparing the consistency of the opinion with other evidence).

Because the ALJ failed to indicate how, if at all, NP Akara's opinion was unsupported, remand is warranted. *See Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4 (D.

Md. May 5, 2023) (noting that remand is required where an ALJ fails to assess the supportability of an opinion which, if "properly evaluated," may have altered the ALJ's disability determination); *Mary W. v. Comm'r of Soc. Sec.*, Civ. No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022) ("For the ALJ to have adequately discussed the supportability of . . . opinions, the ALJ needed to evaluate what the [physicians] said they based their opinions on—not simply how their opinions compared to the record evidence as a whole, which only goes to . . . consistency[.]"), *report and recommendation adopted sub nom. Wiseman v. Comm'r of Soc. Sec.*, No. 20-5523, 2022 WL 394627 (S.D. Ohio Feb. 9, 2022). This Court has noted that supportability must be considered independently from consistency. *See Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors."); *Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4-5 (May 5, 2023) (finding that analysis of inconsistency between two opinions of one medical source was insufficient to assess supportability). Because no "reasonable mind" would accept the ALJ's conclusory justification for finding that NP Akara's opinion was not well supported, the ALJ's finding on this issue lacks the support of substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

To be sure, a proper evaluation of NP Akara's opinion may alter the disposition of Plaintiff's disability claims. For example, NP Akara opined that Plaintiff had "limitations with walking and . . . can do this for [one] hour at a time and [four] hours total in an [eight] hour workday due to unsteady gait." Tr. 612. Additionally, NP Akara found that Plaintiff can be expected "to lift and carry [five] pounds frequently and [ten] pounds occasionally due to tremor[s] in the bilateral hands and unsteady gait." Tr. 612. These limitations reflect a sedentary, rather than light, exertional level. *See* 20 C.F.R. § 404.1567. Had the ALJ appropriately considered the supportability of NP Akara's opinion, they may adjust the weight, if any, assigned to that opinion. This revised weight could have, in turn, altered Plaintiff's RFC and impacted the determination of whether Plaintiff is disabled. Remand is required. The Court declines to reach the remainder of Plaintiff's arguments and expresses no view on the ultimate merits of her applications for benefits.

## V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge